**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TED KNOX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 17-CR-574-MJR-SCW** |
| ) | |
| **NURSE MALL, NURSE LAING, NURSE** ) | |
| **MARSHALL, NURSE CHATTEN,** ) | |
| **NURSE TRIPP, NURSE WILLIAMS,** ) | |
| **NURSE GREGSON, NURSE MEGEE,** ) | |
| **DOCTOR OSEMEYER, NURSE RON,** ) | |
| **NURSE SUZY, NURSE MARTHA,** ) | |
| **NURSE BRENDA, NURSE KEISHA,** ) | |
| **NURSE SHELLBY, LT. LEE,** ) | |
| **MCWILLIAMS, WARDEN** ) | |
| **LASHBROOK, BEN PLUMLEE, and** ) | |
| **DOCTOR NEWBOLD,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

On May 31, 2017, this case, including a motion for preliminary injunction (Doc. 3), was severed from a related case filed by Plaintiff Ted Knox (Case No. 17-494-SMY-RJD). Knox brings an Eighth Amendment claim for deliberate indifference to his serious dental needs against the defendants for allegedly denying and delaying care for an abscessed and infected tooth in April and May 2017. Defendant Lashbrook responded to the motion for preliminary injunction on June 26, 2017 (Doc. 21). Magistrate Judge Stephen C. Williams held an evidentiary hearing on June 28, 2017, and later issued a report & recommendation (Doc. 35) recommending that the undersigned deny Knox's

1

motion. Knox timely filed objections to the report & recommendation (Doc. 37) to which Defendants did not respond.

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. ***Id.*** For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations and **DENIES** Knox's motion for a preliminary injunction.

<u>BACKGROUND</u>

Knox alleges that he has been denied adequate care for an abscessed and infected tooth. He began having issues with one of his front teeth on April 23, 2017, so he submitted a request for medical attention. Over the next several days, his tooth became very painful, leading to blood and pus in his mouth and to the tooth growing loose. On April 30, 2017, Knox alleges that he submitted another medical request form after waking up with blood on his pillow. His issues with unsuccessful medical requests and blood and pus from his tooth continued for several weeks, during which time he allegedly showed his tooth to numerous nurses who came by his cell.

On May 10, 2017, Knox claims that he submitted an emergency grievance to Warden Lashbrook, but he never received a response. By May 18, 2017, Knox's tooth broke off completely and began bleeding profusely, at which point he was taken to the

healthcare unit where he saw Dr. Asselmeier[1], a dentist, and was given antibiotics and ibuprofen. Knox allegedly asked for an MRI to determine the extent of his infection and for a dental partial to cover his now-missing tooth, but his requests were denied.

Defendant Lashbrook responded to Knox's motion for preliminary injunction, providing an affidavit from Gail Walls, the Healthcare Unit Administrator at Menard Correctional Center. According to Walls, Knox suffers from chronic periodontitis for which he receives treatment regularly. On June 20, 2017, Knox met with dental director Newbold who prescribed new antibiotics for Knox's periodontitis and scheduled a follow-up appointment. Newbold told Knox that the dental partial he wanted was not a viable option due to his periodontitis. At the evidentiary hearing, Knox admitted that, with the antibiotics prescribed by Newbold, the swelling in his mouth improved, but he still would like an MRI, as he is concerned that the infection might have spread elsewhere in his body. He believes an MRI could show where any infection has spread and believes that his tooth issue is causing an issue with his sinuses.

Dr. Asselmeier testified to Knox's ongoing periodontal issues and indicated that the extent of Knox's bone loss as a result of the disease does not make him a good candidate for the partial Knox seeks. Asselmeier acknowledged that he saw Knox on May 18, 2017, for a tooth that he said Knox knocked out and that was lost due to Knox's periodontitis. He testified that he did not see any signs of infection at that time and did not prescribe antibiotics, despite Knox having a pill sheet that showed he was given

---

[1] Knox, in his complaint, names Dr. Osemeyer. The correct spelling of Dr. Osemeyer's last name is Asselmeier.

antibiotics that day. According to Asselmeier, despite Knox's belief that an MRI is necessary, MRIs are not typically used in dentistry.

After the hearing, Magistrate Judge Williams requested additional records from the parties. Defendants submitted additional medical records, and Plaintiff provided records related to prescription antibiotics he received. After reviewing the evidence, Magistrate Judge Williams recommended that the undersigned deny Knox's motion for a preliminary injunction. According to the report and recommendation, Knox's testimony and medical records demonstrate that he is being treated by the dental staff, as he had received thirty days' worth of antibiotics and was scheduled for a follow-up appointment. Judge Williams found Dr. Asselmeier's testimony credible that Knox did not require an MRI because they generally are not used in dentistry. Ultimately, the report and recommendation concluded that the dental staff was working to evaluate whether Knox could receive a successful dental partial with the severity of his periodontitis and that Knox did not face irreparable harm if he did not receive one during the pendency of his case.

Knox timely filed objections in which he states that he believes Defendants falsified his medical records in various ways and engaged in "gamesmanship" by scheduling a dental appointment for him shortly before the evidentiary hearing. He complained that he had not received a follow-up appointment and did not believe he would. He restated his belief that he needs an MRI to show the extent of his infection and blames Menard for the severity of his periodontitis. He also argues that any delay in receiving the dental partial will cause him additional dental problems. Knox's

objections generally challenge two conclusions in the report and recommendation: the conclusion that Defendants are not required to give Knox an MRI at this stage and the finding that he will not be irreparably harmed if he does not receive a new dental partial while this case is pending.

**LEGAL STANDARDS**

As this review is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." ***Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." ***Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(emphasis in original). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right")(citation omitted).** To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. ***Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010)(citing *Winter*, 555 U.S. at 20).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to

5

be warranted." *Judge*, **612 F.3d at 546. (citation omitted)**

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, **682 F.3d at 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.")(internal quotation marks and citation omitted).** The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978); and** *W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958)).**

## ANALYSIS

To show that he has a likelihood of success on the merits of his Eighth Amendment claim, Knox must show that Defendants were deliberately indifferent to his serious medical needs. *Greeno v. Daley*, **414 F.3d 645, 652-53 (7th Cir. 2005) (quoting**

*Estelle v. Gamble*, **429 U.S. 97, 104 (1976) (internal quotation marks omitted)).** "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." ***Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009).** A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. ***Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).**

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. ***Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)).** The first consideration is whether the prisoner has an "objectively serious medical condition." ***Arnett*, 658 F.3d at 750. *Accord Greeno*, 414 F.3d at 653.** "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." ***Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015) (citing *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir.2014)).** It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." ***Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (violating the Eighth Amendment requires "deliberate indifference to a *substantial* risk of *serious* harm") ((internal quotation marks omitted) (emphasis added).**

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Id.* **at 653.** The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder***, 546 F.3d 516, 524 (7th Cir. 2008).** "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles v. Fahim***, 771 F.3d 403, 409 (7th Cir. 2014);** *see also Hammond v. Rector***, 123 F. Supp. 3d 1076, 1086 (S.D. Ill. 2015) ("isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference").**

Knox has not established that he is likely to succeed on the merits of his deliberate indifference claim. Assuming, *arguendo*, that Knox's dental issues are an objectively serious medical condition, there is not sufficient evidence in the record at this time to demonstrate that Defendants are disregarding his need for treatment. Rather, the evidence before the Court demonstrates that Knox's dental issues are being taken seriously by dental staff at Menard. They have met with him and prescribed antibiotics for swelling in his mouth, and Knox testified that the swelling improved after he received the prescription. Dr. Asselmeir testified that an MRI is not typically used in dentistry and that the course of treatment they followed with Knox should allow the defendants to better evaluate how to treat his condition. Other than Knox's disbelief that Defendants will continue to treat him, the record shows that Defendants are addressing, rather than disregarding, his dental needs at this time, negating the likelihood that Knox will succeed on the merits in this case.

There is an interdependence between the likelihood of success and a likelihood of irreparable harm absent an injunction (i.e., the higher the likelihood of success, the less net harm must be prevented, *Judge*, **612 F.3d at 546**). As the likelihood of success on the merits is low, Knox must be able to show more net harm in order to tip the equities in his favor, but the record does not support finding that Knox will suffer irreparable harm if he is not granted preliminary relief. Dr. Asselmeier testified that MRIs typically are not used to treat dental issues and that Knox may not be able to receive a dental partial due to the severity of his periodontal disease. Defendants are working to treat Knox's dental issues and are aware that he would like a dental partial. Other than Knox's belief that he needs both courses of treatment, there is nothing in the record to suggest that Knox will face irreparable harm if Defendants are not ordered to give him the relief he seeks at this stage.

<u>CONCLUSION</u>

Following a *de novo* review of the record, the undersigned finds that Plaintiff Ted Knox has not made a clear showing that he is entitled to preliminary relief. Accordingly, Knox's objections to the report and recommendation are **OVERRULED**. The Court **ADOPTS** the recommendations of Magistrate Judge Williams and **DENIES** Knox's motion for preliminary injunction (Doc. 3).

**IT IS SO ORDERED**.

DATED: November 29, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**